UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RODNEY EUGENE BOBLITT,**

      **Plaintiff,**

v.                                                    **Case No. 8:20-cv-1637-CEH-AAS**


**BP EXPLORATION & PRODUCTION
INC. and BP AMERICA PRODUCTION
COMPANY,**

      **Defendants.**
_____/

## <u>ORDER</u>

Plaintiff Rodney Boblitt moves for leave to file specific exhibits under seal in support of his Response to Defendants BP Exploration & Production Inc. and BP America Production Company's (BP) Motion for Protective Order Regarding Notice of Taking Deposition of Rob Barrick. (Doc. 100). BP does not oppose Mr. Boblitt's request to file these exhibits under seal but opposes Mr. Boblitt's attempt to raise disputes about confidentiality designations for documents produced in other cases. (Doc. 103, pp. 1–3).

Mr. Boblitt requests leave to file these exhibits under seal:

Exhibit 10: Report of BP's expert Dr. Robert Haddad served in *Boggs v. BP*, pending in the Eastern District of Louisiana

1

Exhibit 11: EXPONENT_00126177 and EXPONENT_00126178 produced in *Culliver v. BP*, formerly pending in the Northern District of Florida

Exhibit 13: Report of BP's expert Dr. Robert Adams served in *Boggs v. BP*

Exhibit 14: Report of BP's expert Dr. Damian Shea served in *Boggs v. BP*

Exhibit 15: Report of Plaintiff's expert Dr. Nancy Rothman served in *Boggs v. BP*

Exhibit 16: BP's Privilege Log for Stantec documents served in *Gremillion v. BP*, pending in the Eastern District of Louisiana

The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Mr. Boblitt argues these exhibits must be sealed because they are designated as confidential under the parties' protective order.

The court is aware that the sealing of these exhibits is unopposed. Still, as the "primary representative of the public interest in the judicial process, the

court is bound by duty to review any request to seal the record (or part of it) and may not rubber stamp" requests to seal. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-cv-978-J-37JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (internal quotation marks and alterations omitted). "The parties' mutual agreement to keep documents confidential or to seal materials under a protective order is 'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST Van Expedited, Inc.*, No. 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018) (citing *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992)). Indeed, the Local Rules make clear that "sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a), M.D. Fla. Thus, "the fact that the parties agreed to the material's confidentiality does not constitute good cause." *Boullosa v. Equifax Info. Servs., LLC*, No. 8:22-CV-2642-CEH-CPT, 2024 WL 3673566, at *3 (M.D. Fla. Aug. 6, 2024)

Accordingly, Mr. Bollitt's motion to seal (Doc. 100) is **DENIED**.[1] By **December 10, 2024**, Mr. Boblitt must file a notice and attach exhibits 10, 11, 13, 14, 15, and 16 in support of his Response to BP's Motion for Protective

---

[1] The court also denies Mr. Boblitt's request to "de-classify these documents as non-confidential." (Doc. 100, p. 3).

Order (Doc. 99).

**ORDERED** in Tampa, Florida, on December 3, 2024.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4