UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RODNEY EUGENE BOBLITT,**

    **Plaintiff,**

v.                                                                                  Case No. 8:20-cv-1637-CEH-AAS

**BP EXPLORATION & PRODUCTION, INC. AND BP AMERICA PRODUCTION,**

    **Defendants.**
_____/

## ORDER

Plaintiff Rodney Eugene Boblitt moves to compel deposition answers from Non-Party Robert Barrick.[1] (Doc. 128). Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, BP) oppose the motion. (Doc. 133).

### I. BACKGROUND

On April 20, 2010, the Deepwater Horizon Oil Rig exploded, resulting in an oil spill. Several lawsuits have been brought to recover for personal injuries caused by exposure to the oil spill (the *Deepwater Horizon* litigation). Mr.

---

[1] Mr. Boblitt moved to seal exhibits 1–4, 6, and 7, attached to the motion. (Doc. 126). The court granted Mr. Boblitt's motion to seal, and the exhibits were filed under seal. (*See* Docs. 131, 132, 135). Mr. Boblitt then objected to the scope of the seal, and BP responded. (Docs. 137, 138, 139). Although the objection to the seal is pending, the motion to compel is ripe for review.

1

Barrick is a scientist formerly employed by Entrix, Inc., an affiliate of Stantec Consulting Services Inc., an environmental consulting firm BP retained through counsel to assist with the spill response and to provide consulting services in anticipation of litigation. (*See* Doc. 133, Ex. A). Mr. Barrick's work was explicitly related to Natural Resource Damage Assessment (NRDA) litigation and performed at the direction and under the supervision of BP counsel, including counsel from Arnold & Porter. (*Id.*). Mr. Boblitt's counsel deposed Mr. Barrick on December 13, 2024.

Mr. Boblitt now moves to compel deposition responses to three questions Mr. Barrick was instructed not to answer based on privilege. (Doc. 128). Mr. Boblitt argues BP counsel's privilege objections are unfounded, and BP waived its objections by failing to obtain a protective order timely. (*Id.*). Mr. Boblitt requests to reopen Mr. Barrick's deposition and for sanctions against BP. (*Id.*). In response, BP contends Mr. Boblitt's motion "is nothing more than a diversionary tactic designed to manufacture a discovery dispute when none exists" due to his failure to submit his expert disclosures timely. (Doc. 133). BP also argues it raised proper privilege objections when instructing Mr. Barrick not to answer, and those objections are not waived. (*Id.*).

II.   ANALYSIS

District courts enjoy broad discretion over the management of discovery. *Baker v. Welker*, 438 F. App'x 852, 855 (11th Cir. 2011) (citing *Johnson v. Bd.*

*of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)). If a deponent fails to answer a question during a deposition, a party may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B). Under Federal Rule of Civil Procedure 30(c), a party's objection during a deposition "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.*

These deposition questions and objections are at issue:

**Question No. 1**

Q: Okay. So did you need permission to share sample inventory information with NOAA?

A: Yes.

(Doc. 132-2, p. 191:7-9).

Q: your lips, but -- okay. So the answer is yes. Do you know why -- and again, give your lawyer a chance to object if he wants to. Do you know why that was so? **In other words, do you know why it was that you needed that permission**?

MR. JAGADICH: Yeah. I'm going to object and -- I mean, to the extent it calls for disclosure of privilege information and what would alternatively require him to speculate. But to the extent that your answer would require you to divulge any legal strategies or work product privilege protected information I would instruct you not to disclose the information.

3

| | |
|---|---|
| MR. EWERT: | Join in in the objection. And the instruction. Answer if you know. |

(*Id.*, p. 191:18–24, 192:1–7) (emphasis added).

**Questions Nos. 2 and 3**

| | |
|---|---|
| Q: | Okay. And then this may be my last question, but please pause before you answer because it is a yes or no, and your lawyers need to have a chance to object and/or tell you to not answer. But I have to ask the question. **Do you know whether or not any of the BP lawyers edited any of the sampling plans under – that we're talking about with regards to NRDA?** |
| MR. JAGADICH: | I object to the extent that calls for disclosure of privileged information. I'm instructing you not to answer. |
| Q: | Okay. And another question. And again, give your lawyers a chance to make that same objection and instruction. **Do you know whether or not any of the BP lawyers from a factual standpoint edited any of the Q-A5 A-P, QAAP protocols?** |
| MR. JAGADICH: | Objection. I'm going to instruct you not to answer to the extent of what require disclosure of privilege information. |
| MR. DIAZ: | Okay. Then that's all I – |
| MR. EWERT: | Join in on the objection. |
| MR. DIAZ: | That's all I have |

(Doc. 132-2, p. 219:14–24; Doc. 133, Ex. C, p. 220:1–12) (emphasis added).[2]

---

[2] Page 220 of Mr. Barrick's deposition transcript is not attached to Mr. Boblitt's motion but is attached BP's response.

4

Counsel may instruct a deponent not to answer when necessary to preserve a privilege. Fed. R. Civ. P. 30(c)(2). The work-product doctrine, as codified in Rule 26(b)(3), protects documents prepared in anticipation of litigation or trial in addition to "oral expressions of an attorney's mental impressions, legal theories, and subjective evaluations." *United States ex rel. Heesch v. Diagnostic Physicians Grp.*, P.C., No. 11-00364-KD-B, 2014 WL 12603138, at *2 (S.D. Ala. June 4, 2014). Within the work-product doctrine is a distinction between "ordinary" or "fact" work product and "opinion" work product. *Id.* While fact work product may be discoverable in some cases, "opinion work product enjoys a near absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Id.* (quoting *Cox v. Admin'r United Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994)). "Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses." *In re Bilzerian*, 258 B.R. 846, 849 (Bankr. M.D. Fla. 2001) (quoting *S.E.C. v. Morelli*, 143 F.R.D. 42, 46-47 (S.D.N.Y. 1992)). "[T]he touchstone of the work-product inquiry is whether the discovery demand is made 'with the precise goal of learning what the opposing attorney's thinking or strategy may be.'" *Id.* (quoting *Morelli*, 143 F.R.D. at 46–47).

The first question at issue specifically asks Mr. Barrick to explain why BP's NRDA counsel required permission to share NRDA-related samples with the National Oceanic and Atmospheric Association. Not only would this require Mr. Barrick to speculate, but it also falls within the protected category of counsel's mental impressions and thought processes.[3] Thus, this question is protected by the work product privilege, and BP's objection is sustained.

Regarding the second and third questions, Mr. Barrick's factual knowledge of whether BP's attorneys reviewed and edited the NRDA and QAAP protocols is not privileged. Thus, BP's objections to these questions are overruled. Under the second case management and scheduling order's deadlines, which the court denied extending,[4] expert disclosure deadlines have expired, discovery is due by April 7, 2025, and dispositive motions are due by May 56, 2025. (*See* Doc. 83). Indeed, BP's motion for summary judgment has been briefed and is pending before the court. (Docs. 104, 115). Considering the

---

[3] Other *Deepwater Horizon* courts – with Mr. Boblitt's counsel as counsel of record – have recognized that the contractors, including Entrix and Exponent, who assisted BP in anticipation of litigation, are protected from the discovery of privileged information and communications. *See, e.g.*, *Gremillion v. Stantec Consulting Servs. Inc.*, No. 3:23-mc-13-MCR-HTC, 2023 WL 4417266, at *6 (N.D. Fla. July 5, 2023) (N.D. Fla. July 5, 2023) (quashing subpoena to Stantec and finding requested NRDA documents protected from discovery by the attorney-client privilege and work-product doctrine).

[4] Mr. Boblitt requested that the court continue the case management deadlines, including Mr. Boblitt's November 13, 2024 expert disclosure deadline, for 120 days, which was denied. (*See* Doc. 98, 111).

6

stage of this litigation, it would be an unnecessary expense and burden to reopen the deposition of Mr. Barrick so that he can answer these two simple questions that each require a simple "yes" or "no" response. Instead, Mr. Barrick must provide certified written responses to these questions. Specifically, Mr. Barrick must state if he has knowledge of BP's counsel editing any of the sampling plans of the NRDA and any of the Q-A5 A-P, QAAP protocols. (*See* Doc. 132-2, p. 219:19–21; Doc. 133, Ex. C, p. 220:3–5).

Considering the procedural history of this action, BP did not waive its objection by failing to move for protective order after the deposition. Indeed, in anticipation of Mr. Barrick's deposition, BP moved for protective order on October 22, 2024, to limit Mr. Barrick's deposition to non-privileged topics. (Doc. 96). BP's motion was not ruled on when Mr. Barrick's deposition was taken on December 13, 2024.[5] Thus, BP withdrew the motion on December 23, 2024 as moot. (Doc. 117). One month later, Mr. Boblitt filed this motion. (Doc. 128). BP did not waive its objections under these circumstances.[6]

---

[5] The delay in ruling on the motion for protective order was caused by Mr. Boblitt's response to the motion violating the Local Rules for the Middle District of Florida's sealing requirements. (*See* Doc. 99, 100, 103, 105).

[6] Some courts have held that the best approach is to "proceed[ ] with the deposition and then after the deposition if there were disputes regarding any privilege objections raised during the deposition or objections regarding the scope, the Court could then ... address[ ] [them] through a motion to compel or through a motion for protective order with the benefit of the transcript containing questions and answers." *Fed. Deposit Ins. Corp. v. Brudnicki*, No. 5:12-cv-00398, 2013 WL 5814494, at *2 (N.D. Fla. Oct. 29, 2013).

7

The remaining issue is whether Mr. Boblitt is entitled to fees. If a motion to compel "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Rule 37(a)(5)(C) applies here because the motion is due to be granted in part and denied in part. Rule 37(a)(5)(C) grants this court discretion in deciding whether to award reasonable expenses, including attorney's fees. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 470, 472 (M.D. Fla. 2008) (noting that awards of attorney's fees are discretionary under Rule 37(a)(5)(C)). In addition, Federal Rule of Civil Procedure 30(d)(2) provides that a "court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." "[A]ny sanction for a discovery violation 'must be exercised with restraint and discretion, to assure that the sanction is proportionate to the offending conduct.'" *Mitnor Corp. v. Club Condominiums*, 339 F.R.D. 312, 322 (N.D. Fla. 2021) (citation omitted). Here, the court declines to award fees or costs. *See Aileron Inv. Mgmt., LLC v. Am. Lending Ctr.*, LLC, No. 8:21-CV-146-MSS-AAS, 2022 WL 741628, at *2 (M.D. Fla. Feb. 24, 2022) (finding monetary sanctions and a second deposition inappropriate but compelling written answers by deponent for questions he refused to answer during deposition).

8

### III. CONCLUSION

Accordingly, it is **ORDERED** that Mr. Boblitt's Motion to Compel Deposition Answers (Doc. 128) is **GRANTED in part and DENIED in part**. By **April 11, 2025**, Mr. Barrick must provide Mr. Boblitt's counsel with certified responses to questions 2 and 3 referenced above. In all other respects, the motion is denied.

**ENTERED** in Tampa, Florida, on March 28, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge