## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RODNEY EUGENE BOBLITT,**

     **Plaintiff,**

**v.**                                                    **Case No. 8:20-cv-1637-CEH-AAS**

**BP EXPLORATION & PRODUCTION,**
**INC. AND BP AMERICA**
**PRODUCTION,**

     **Defendants.**
_____/

## <u>ORDER</u>

Plaintiff Rodney Eugene Boblitt moves for sanctions against Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, BP), specifically, attorney's fees related to BP's withdrawn motion for protective order limiting the deposition of non-party Robert Barrick. (Doc. 129). BP opposes the motion. (Doc. 134).

### I.    BACKGROUND

In anticipation of Mr. Barrick's noticed deposition on December 13, 2024, BP moved for a protective order on October 22, 2024. (Doc. 96). The motion requested a protective order limiting the deposition to nonprivileged topics. (*Id.*). BP's motion was not ruled on when Mr. Barrick's deposition was taken

on December 13, 2024.[1] On December 23, 2024, BP withdrew its motion for protective order. (Doc. 117). BP reasoned that the court should not need to rule on the motion for protective order or related objection because they were moot. (*Id*.). Mr. Boblitt now moves to recover attorney's fees related to BP's withdrawn motion for protective order. (Doc. 129). BP opposes the motion as unsupported by the facts or law. (Doc. 134).

## II.    ANALYSIS

Mr. Boblitt cites Federal Rules of Civil Procedure 37(a)(5)(B) and 30(d)(2) as the basis for his requested sanctions.

### 1.  Federal Rule of Civil Procedure 37(a)(5)(B)

Federal Rule of Civil Procedure 37(a)(5)(B) provides that when a discovery motion is *denied*, the court:

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

---

[1] The delay in ruling on BP's motion for protective order was caused by Mr. Boblitt's response to the motion violating the Local Rules for the Middle District of Florida's sealing requirements. Specifically, Mr. Boblitt's response attached several placeholders for sealed documents but no motion to seal. (*See* Doc. 99). Mr. Boblitt's counsel was informed that his response violated the Local Rules, and there was no way for the court to view the documents as filed. On November 14, 2024, Mr. Boblitt moved to file the exhibits under seal. (Doc. 100). On November 22, 2024, BP responded. (Doc. 103). The court denied Mr. Boblitt's motion to seal on December 3, 2024, and Mr. Boblitt objected to the court's order on December 6, 2024. (Docs. 105, 108). Mr. Boblitt's objections were not ruled on when Mr. Bobitt's deposition occurred, so the court could not view the responses' exhibits to rule on the underlying motion.

BP's motion for protective order was not denied, so Rule 37(a)(5)(B) does not apply here. BP withdrew the motion because the request became moot. Indeed, the Middle District Discovery Handbook recommends a party file a notice of withdrawal of a motion to avoid unnecessary judicial labor if the motion is resolved. M.D. Fla. Discovery Handbook § I.A.5. The withdrawal of the motion for protective order did not reflect the motion's merits, but it was intended to preserve judicial labor and resources. (*See* Doc. 117). Thus, even if Rule 37(a)(5)(B) applies here, an award of expenses would be unjust.

### 2. Federal Rule of Civil Procedure 30(d)(2)

Federal Rule of Civil Procedure 30(d)(2) provides that a "court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." "[A]ny sanction for a discovery violation 'must be exercised with restraint and discretion, to assure that the sanction is proportionate to the offending conduct.'" *Mitnor Corp. v. Club Condominiums*, 339 F.R.D. 312, 322 (N.D. Fla. 2021) (citation omitted). BP's conduct related to Mr. Barrick's deposition did not delay or impede discovery. The deposition proceeded for six hours with minimal objections, and BP did not request to postpone it. As stated in the court's order granting in

part and denying in part Mr. Boblitt's motion to compel, the court declines to award fees or costs under Rule 30(d)(2). (*See* 140, p. 8).

## III.    CONCLUSION

Accordingly, it is **ORDERED** that Mr. Boblitt's Motion for Sanctions (Doc. 129) is **DENIED**.

**ENTERED** in Tampa, Florida, on April 14, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge