UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY EUGENE BOBLITT,

      Plaintiff,

v.                                   Case No: 8:20-cv-1637-CEH-AAS

BP EXPLORATION &
PRODUCTION INC. and BP
AMERICA PRODUCTION
COMPANY,

      Defendants.

_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion to Continue Deadlines (Doc. 118). In the motion Plaintiff requests the Court reconsider its December 10, 2024 order (Doc. 111) denying Plaintiff's request to extend the expert disclosure deadline. Defendants filed a response in opposition. Doc. 125. The Court heard argument on the motion at a case management conference conducted on April 30, 2025. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Reconsideration.

## BACKGROUND

This case arises out of the BP *Deepwater Horizon* oil spill that occurred in April 2010. Plaintiff, Rodney Eugene Boblitt, was a "Clean-Up Worker" as defined by the Medical Benefits Class Action Settlement Agreement ("MSA"), and who alleges he

suffered injuries because of his involvement in the clean-up response. The Court's December 10, 2024, Order sets forth the procedural history leading up to the instant motion for reconsideration, *see* Doc. 111 at 2–4, and thus is not repeated here.

In the December 2024 order, the Court denied Plaintiff's November 1, 2024 Motion to Continue Case Management Deadlines. The Plaintiff had sought an extension of the case management deadlines because of additional records needed to provide to his experts. Specifically, Plaintiff was attempting to obtain copies of the "RECON Reports" (Reconnaissance Reports) that he had submitted as part of his daily routine while working as a clean-up worker.  According to Plaintiff, the RECON Reports contained a plethora of information regarding his location and his exposure to oil, chemicals, and dispersants during the time of his clean-up work. Additionally, in June 2024 Plaintiff requested his employment records from the Florida Fish and Wildlife Conservation Commission ("FWC") and the Florida Department of Environmental Protection ("FLDEP"), which had not yet been provided at the time of his motion. Because Plaintiff failed to demonstrate diligence in seeking his own employment records and otherwise failed to show good cause for the requested extension, the motion to extend the deadlines was denied. In denying Plaintiff's motion, the Court noted that despite the fact this case has been pending since 2020, Plaintiff failed to explain why the RECON reports and employment records were not sought earlier by Plaintiff. Doc. 111 at 7.

Now before the Court is the Plaintiff's motion to reconsider the Court's Order denying his requested extension. Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6).

In support of his motion, Plaintiff again argues that he requested employment records and RECON reports which have not yet been received. Because the experts need the detail from these records, which include pertinent data related to duration, location and date of exposure, Plaintiff submits that his experts will be unable to render a causation opinion without the information. Thus, to avoid manifest injustice to Plaintiff, he requests that the expert disclosure deadline be extended to allow for additional time to obtain the necessary documents.

At the case management conference held April 30, 2025, the Court inquired as to whether Plaintiff has now obtained the needed employment records and/or RECON reports. Plaintiff has not. Plaintiff's counsel acknowledged the Court had previously extended the deadlines multiple times, but he argued he still did not have adequate time. As it relates to the sought-after discovery, however, Plaintiff could point to no additional steps taken to obtain these documents other than reaching out to the FWC and FLDEP two months ago to inquire about the status of the employment record production, to which he was told the production would be made on a rolling basis. Thus, the status of obtaining the records was unchanged since the Plaintiff's initial November 1, 2024, motion, over six months ago.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding, based upon . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Motions under Rule 60(b) are "directed to the sound discretion" of the Court. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Relief under Rule 60(b)(6), the "catch-all" provision, is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Id.* A party seeking relief under Rule 60(b)(6) "has the burden of showing that absent such relief, an extreme and unexpected hardship will result." *Id.* (internal quotation and citation omitted).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id.*

Additionally, a motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment. *See Arthur v. King*, 500 F.3d 1335, 1343-44 (11th Cir. 2007); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is "committed to the sound

discretion of the district judge." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

As discussed at the case management conference, the Court is not persuaded that it should reconsider its December 2024 Order denying Plaintiff's Motion to Continue Case Management Deadlines. The motion for reconsideration merely reiterates Plaintiff's previous arguments that he is waiting for employment records and RECON reports to provide to his experts. He offers no new evidence or change in law to support reconsideration of the Court's prior order. And significantly, Plaintiff can point to no new facts to show diligence on his part to obtain the needed information. Thus, Plaintiff's claim that it would be manifestly unjust for his experts not to have the opportunity to consider these documents in order to render a causation opinion is of his own making where nothing factually has changed since the Court's order. Discovery did not close until April 7, 2025, *see* Doc. 83, and yet no new discovery requests were sent out seeking to obtain the information. Because Plaintiff fails to demonstrate due diligence in obtaining the documents he argues are necessary and fails to provide a basis for the Court to change its prior ruling, the motion for reconsideration is due to be denied. Accordingly, it is

**ORDERED**:

1.    Plaintiff's Motion for Reconsideration (Doc. 118) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on May 1, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any