**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RODNEY EUGENE BOBLITT,

      **Plaintiff,**

v.                                      **Case No. 8:20-cv-1637-CEH-AAS**

BP EXPLORATION & PRODUCTION,
INC. AND BP AMERICA PRODUCTION
COMPANY,

      **Defendants.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, BP) move for an award of taxable costs in the amount of $9,138.75. (Doc. 151). Plaintiff Rodney Eugene Boblitt opposes the amount of costs requested. (Doc. 154). For the reasons stated below, the undersigned recommends BP's motion be **GRANTED in part and DENIED in part**.

## I.    BACKGROUND

This is a personal injury action brought under the Back-End Litigation Option (BELO) provisions of the Deepwater Horizon Medical Benefits Class

Action Settlement Agreement.[1] Mr. Boblitt filed his initial BELO complaint in the Eastern District of Louisiana in March 2020, and it was transferred to this court. (Doc. 1). Mr. Boblitt alleged that he was exposed to oil, dispersants, and other harmful chemicals through inhalation, airborne, and direct contact. Mr. Boblitt alleged that he was diagnosed with Extensive Pansinusitis on July 17, 2014, because of working as a clean-up worker. Mr. Boblitt also alleged he was diagnosed with other conditions related to his exposure, such as Chronic Rhinitis on April 19, 2017, Chronic Rhinosinusitis on April 19, 2017, Mild Obstructive Sleep Apnea on April 29, 2017, Severe Depression on May 8, 2013, and Post Traumatic Stress Disorder on May 8, 2013.

Mr. Boblitt filed a second BELO complaint on June 1, 2021, and it was transferred to this court. In this second BELO complaint, Mr. Boblitt alleged Memory Impairment as an additional Later Manifested Physical Condition. Mr. Boblitt filed a third BELO complaint, which was also transferred to this court. In his third BELO complaint, Mr. Boblitt alleges that because of his exposure, he was diagnosed on August 25, 2022, with Toxic Encephalopathy resulting in memory problems, difficulties with multitasking, and overall

---

[1] *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, April 20, 2010, No. 10-md-2179, Doc. No. 8217 (E.D. La., Jan. 11, 2013).

psychological dysfunction. Because these actions involve the same underlying facts, parties, and legal issues, they were consolidated. (Doc. 72).[2]

In preparing its defense, BP undertook fact discovery, including gathering medical and employment records and participating in depositions. On November 25, 2024, BP filed its Motion for Summary Judgment, arguing Mr. Boblitt's lack of proof of causation. (Doc. 104). On January 20, 2026, the court granted summary judgment in BP's favor. (Doc. 147). The Clerk entered Final Judgment on January 21, 2026. (Doc. 148). As the prevailing party, BP filed its verified Bill of Costs. (Doc. 150). BP also filed a motion requesting an award of those costs, as well as an itemized chart outlining the costs permitted by 28 U.S.C. §1920 and the amount paid by BP with invoices. (*See* Docs. 150-1, 150-2). Mr. Boblitt opposes the requested cost amount. (Doc. 154).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "one who has been awarded some relief by the court." *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration*

---

[2] The court directed the Clerk to consolidate Case Nos. 8:23-cv-2623-CEH-AEP and 8:20-cv-1637-CEH-AAS. For purposes of consolidation, this action was designated the lead case, and the Clerk administratively closed Case No. 8:23-cv-2623-CEH-AEP. (Doc. 72).

*Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (citation omitted). In awarding costs, courts are limited to those listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Section 1920 limits taxable costs to the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services. 28 U.S.C. § 1920. "These enumerated categories of taxable costs provided by § 1920 limit[ ] the discretion of federal courts to award costs under Rule 54(d)." *Yellow Pages Photos, Inc.*, 846 F.3d at 1166 (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Services Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).

The prevailing party bears the burden of submitting a request demonstrating the costs incurred in the case and the prevailing party's entitlement to them. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). The party opposing the taxation of costs then "has the burden to show that circumstances are such that an award of costs is not warranted in a particular case." *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1296 (M.D. Fla. 2006) (citing *Arcadian Fertilizer, L.P.*, 249 F.3d at 1296). "[T]o

4

defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Holton v. City of Thomasville Sch. Dist..*, 425 F.3d 1325, 1355 (11th Cir. 2005) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir. 2000)).

## III.   ANALYSIS

As the prevailing party, BP is entitled to an award of taxable costs under Federal Rule of Civil Procedure 54. *See Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)[.]"). BP requests recovery of these costs: (1) fees for service of subpoenas of $3,378.00; (2) fees for necessary printed or electronically recorded transcripts of $4,468.55; and (3) fees for necessary copies of $1,292.20. (Doc. 150). BP requests a total reimbursement of $9,138.75 in costs. (*Id.*).

### A.   FEES FOR SERVICE OF SUBPOENAS

Fees for service of process by private process servers may be taxed under § 1920, so long as the rates do not exceed those of the United States Marshals Service under 28 U.S.C. § 1921. *See Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014) (citing *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)). "[W]hen the documentation from a private process server does not indicate the time expended to effectuate service or does not indicate the additional costs incurred by the private process server, courts limit

5

recovery to the hourly rate charged by the U.S. Marshal for service." *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2015 WL 12839237, at *8 (M.D. Fla. June 10, 2015) (citing *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649–50 (S.D. Fla. 2007)), report and recommendation adopted, 2016 WL 355490 (M.D. Fla. Jan. 29, 2016). The applicable rate for service by the Marshals Service is $65.00 per item served. *See* 28 C.F.R. § 0.114(a).

The costs outlined in the BP's Bill of Costs Chart list the actual cost of a private process server or the Marshals Service fee, requesting reimbursement of whichever amount is less. (*See* Doc. 150-1, pp. 2–8). As Mr. Boblitt argues, there are instances when BP charged for duplicative services at a different address. For example, BP requests costs for serving Novasom, Inc. on September 21, 2020 for $49.00 (Invoice No. 24) and again on March 1, 2022 for $45.00 (Invoice No. 50); One Call Corporation (f/k/a TechHealth, Inc.) on November 3, 2020 for $55.00 (Invoice No. 48) and again on March 2, 2022 for $55.00 (Invoice No. 51); Highlands Regional Medical Center on September 2, 2020 for $45.00 (Invoice No. 18) and again on March 7, 2022 for $55.00 (Invoice No. 52); Orthopedic Associates, P.A. on November 3, 2020 for $55.00 (Invoice No. 47) and again on March 7, 2022 for $55.00 (Invoice No. 53); and Mindy Duran, M.A., LMHC, on September 2, 2020 for $45.00 (Invoice No. 2) and again on July 24, 2024 for $45.00 (Invoice No. 65). Although BP explains that some non-parties required duplicate service, the undersigned recommends that the

6

court decline to tax duplicate service costs against Mr. Boblitt. BP's costs for service of subpoenas should be reduced by $259.00 to reflect the reduction of the highest service cost for each duplicative service entry.

Thus, the undersigned recommends the court find the adjusted total of fees for service – $3,119.00 – is recoverable by BP as the prevailing party.

**B.     FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THE CASE**

Section 1920(2) authorizes the taxation of deposition costs. *W&O, Inc.*, 213 F.3d at 620. "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *Id.* (quoting U.S.C. § 1920(2)). A deposition transcript submitted by a party in support of a summary judgment motion is necessarily obtained and taxable. A deposition not used in support of summary judgment may still be necessarily obtained and taxable. *See W&O Inc.,* 213 F.3d at 622 (looking to whether the depositions were reasonably necessary). The party challenging the cost must show that the "depositions were not related to an issue in the case when the depositions were taken." *Shed v. U. of S. Fla. Bd. of Trustees*, No. 23-13746, 2025 WL 1540573, at * 6 (11th Cir. May 30, 2025) (quoting *W&O Inc.*, 213 F.3d at 622).

The Eleventh Circuit holds that when a party notices a deposition to be recorded by video "and no objection is raised at that time by the other party to

7

the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). However, "the prevailing party must still explain the necessity of obtaining both regular transcripts and videotaped copies for these costs to be taxable." *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, No. 8:19-cv-291-TPB-AEP, 2021 WL 6617451, at *9 (M.D. Fla. Dec. 7, 2021), report and recommendation adopted sub nom. *Atwood v. Adler*, 2022 WL 180794 (M.D. Fla. Jan. 20, 2022).

BP noticed the deposition of Mindy Duran, Mr. Boblitt's diagnosing provider and the Licensed Mental Health Counselor who signed a Physician's Certification Form in support of Mr. Boblitt's original Complaint and diagnoses. BP requests reimbursement of $699.75 for Mindy Duran's deposition transcript. (Doc. 150-1, p. 8). BP also deposed Mr. Boblitt, for which BP requests reimbursement of $1,393.80 for the deposition transcript. (*Id.*). These depositions were necessary to discover the extent of Mr. Boblitt's exposure and allow BP to determine Mr. Boblitt's pre- and post-response work health.

Mr. Boblitt noticed the depositions of Michael Taylor and Rob Barrick, two individuals involved in the review of monitoring and sampling data collected during the spill response. BP requests reimbursement for these

8

deposition transcripts in the amounts of $1,000.00 and $1,375.00, respectively. (*Id.*). Because Mr. Boblitt noticed these depositions, he clearly thought them necessary to this action. BP attended the depositions and obtained copies of the transcripts. Thus, these deposition transcripts were necessarily obtained.

Mr. Boblitt argues BP's deposition invoices include "several obscure and comingled charges." (Doc. 154, p. 10). However, Mr. Boblitt offers no specific examples of these "comingled charges." Upon review of the deposition transcript invoices, the undersigned finds them proper, as they include only the transcript cost for the above-stated video or remote depositions. (*See* Doc. 150-2, pp. 69–74). Indeed, BP already reduced its requested deposition costs from $6,751.27 to $4,468.55 to account for expediting specific transcripts and obtaining rough copies. (Doc. 150-1, p. 8, n. 5).

Each of the above-stated depositions was necessarily obtained for use in this action. Thus, the undersigned recommends the court find BP is entitled to taxable costs of $4,468.55 for deposition transcripts.

### C.     COPIES

Section 1920(4) authorizes the recovery of the costs of making copies of any materials where the copies are necessarily obtained for use in the case. "In evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O Inc.*, 213 F.3d at 623. Costs for medical records are recoverable

under 28 U.S.C. § 1920(4) as "photocopying charges" if the documents were necessarily obtained for use in the case. *Thayer v. Randy Marion Chevrolet Buick Cadillac*, No. 6:19-cv-784-GAP-LHP, 2021 WL 4994033, at *6 (M.D. Fla. Oct. 4, 2021).

BP requests recovery of $1.00 per page for records copied, or the charged amount, whichever is lower, for records obtained from medical providers and employers. (*See* Doc. 150-1, pp. 9–11). Other courts in this Circuit have found a $1.00 per-page charge to be reasonable. *See Milligan v. Rambosk*, No. 2:20-CV-403-JES-KCD, 2022 WL 2975038, at *2 (M.D. Fla. July 5, 2022), report and recommendation adopted, No. 2:20-CV-403-JES-KCD, 2022 WL 2967077 (M.D. Fla. July 27, 2022) (noting that, while Florida's statutory rate of $1.00 per page for medical record copies is not binding under § 1920, "Florida's statutory rate seems an adequate benchmark that sufficiently reflects the administrative nature of the task," and thus permitting the prevailing party to tax the cost of retrieving medical records at the rate of $1.00 per page); *see also Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2022 WL 6776362, at *11 (S.D. Fla. Sept. 15, 2022), report and recommendation adopted, No. 20-CV-22783, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022) (awarding taxable copying costs at $1.00 per page).

Mr. Boblitt raised his health as an issue. The medical records could help demonstrate the extent of his health issues. In addition, BP needed to identify

10

Mr. Boblitt's response work employment, and exposure timeline, as well as his pre- and post-response employment. As a result, the copies of the requested medical and employment records were necessary for BP to defend this action. Mr. Boblitt does not object to any specific copying cost. Instead, he requests an across-the-board cut of all costs due to BP's "wasted resources" and "misconduct." (Doc. 154, pp. 12–13). The undersigned has reviewed the invoices submitted with BP's request and finds that they sufficiently reflect the costs, charge descriptions, and rates actually charged to BP for obtaining these copies. (*See* Doc. 150-1, pp. 75–108).

Thus, the undersigned recommends that the court find that BP has provided sufficient information to entitle it to tax costs for copies of records in the amount of $1,292.20.

## IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that BP's motion to tax costs (Doc. 268) be **GRANTED in part and DENIED in part**, and BP should receive an award of **$8,879.75** in taxable costs.

**ENTERED** in Tampa, Florida, on March 2, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

11

## <u>NOTICE TO PARTIES</u>

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to request an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.